```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------
UNITED STATES OF AMERICA,

     -against-                        ORDER
                                      No. 22-CR-0309 (JS)
JON JACOB KAHEN,

          Defendant.

---------------------------------

APPEARANCES

For Defendant:     Jon Jacob Kahen, Pro Se
                   9401 Collins Avenue, Unit 402
                   Surfside, Florida  33154

For United States: No Appearance[1]
```

SEYBERT, District Judge:

Presently before the Court is the pro se motion of Defendant Jon Jacob Kahen ("Defendant") seeking early termination of his two years of supervised release (hereafter, the "Motion"). (See ECF No. 48.) For the reasons stated herein, the Motion is DENIED.

BACKGROUND

The Court presumes the reader's familiarity with the background of this case. Nonetheless, for convenience, the Court summarizes the pertinent facts. Defendant pled guilty to four

---

[1] The Court declined to direct the Government to submit a response to Defendant's Motion for Early Termination of Supervised Release. Therefore, "No Appearance" on behalf of the Government is indicated.

counts of money laundering. Based substantially on the sums of money involved, given Defendant had no prior criminal history, the Probation Department recommended a sentence of 18 months' incarceration and two years' supervised release. (See Presentence Report ("PSR"), ECF No. 18 (sealed).)  In his sentencing memorandum, Defendant argued for a sentence of eight months' home confinement and 36 months' supervised release. (Def. Sent'g Mem. ECF No. 33 (sealed), at 2.)  The Court determined the advisory Guidelines range was 15-to-21 months' incarceration and one-to-three years' supervised release. (See Statement of Reasons, ECF No. 42 (sealed), at § III.)  However, it imposed a below-Guidelines sentence of 60 days' incarceration and two years' supervised release. (See id. § IV(D), VI(A); see also Judgment, ECF No. 41, at 2-3.)  Among other things, in consideration of the relevant Section 3553(a) Factors when fashioning its sentence, the Court recognized Defendant's remorse, as well as, his acceptance of responsibility, waiver of an indictment, early plea agreement. (See id. at § VI(C).)  Further, prior to his sentencing, Defendant satisfied-in-full his restitution and forfeiture obligations. (See Motion at 1.)

Defendant was to surrender for service of his sentence of imprisonment on March 15, 2024. (See Judgment at 2.)  He was released from Bureau of Prisons ("BOP") custody on May 1, 2014, at which time he began his supervised release. See Fed. Bureau of

Prisons: Find an Inmate, Jon Jacob Kahen (BOP Reg. No. 21738-510), https://www.bop.gov/inmateloc/ (last visited June 4, 2025) (stating Defendant "Not in BOP Custody as of; 05/01/2024"); (see also Motion at 1).

In seeking early termination of his supervised release, Defendant states:

> I have now successfully completed one year of supervision without incident. During this period, I have fully complied with all conditions of supervision. I have maintained steady employment, fulfilled all restitution obligations at sentencing, stayed free of any legal issues, participated in community service, and devoted more personal time to my religious beliefs and learning. My probation officer, Lawrence Ing, is aware of my progress and continued compliance.
> I have taken full responsibility for my actions and used this time to better myself and rebuild my life in the State of Florida. I am committed to being a productive and law-abiding member of the community. Early termination of my supervised release would greatly assist me in reducing restrictions on travel, allowing me to advance further employment opportunities that support my wife, children, elderly parents, and the ability to visit my elderly parents on Long Island, NY more often, as we have relocated to Florida to rebuild a new chapter in our lives.

(Motion at 1.) The Court is unpersuaded early release is warranted.

[Remainder of page intentionally left blank.]

DISCUSSION

I. Applicable Law

It is well-established a court has discretion to "terminate a term of supervised release and discharge a defendant 'at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" United States v. Melvey, No. 07-CR-0055, 2018 WL 6624193, at *1 (E.D.N.Y. Dec. 18, 2018) (quoting 18 U.S.C. § 3583(e)(1); citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)); see also United States v. McKay, 352 F. Supp.2d 359, 360-61 (E.D.N.Y. 2005); United States v. Andrew, No. 22-CR-0032, 2025 WL 1004752, at *2 (E.D.N.Y. Apr. 2, 2025). In exercising this discretion, the court must consider Section 3553(a) Factors. See 18 U.S.C. § 3583(e)(1); see also United States v. Scarpa, No. 18-CR-0123, 2024 WL 1886681, at *1 (E.D.N.Y. Apr. 30, 2024); Melvey, 2018 WL 6624193, at *2 ("When determining whether to grant such an application, the Court also must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6). These factors are also weighed by the Court in determining the initial sentence." (citing § 3583(e)(1); Lussier, 104 F.3d at 36 (stating court must consider certain factors in Section 3553(a) before permitting early termination of a term of supervised release))).

"Early termination is not, however, 'warranted as a matter of course'." United States v. Rosario, No. 17-CR-0027, 2023 WL 7305260, at *2 (S.D.N.Y. Nov. 6, 2023) (quoting United States v. Bastien, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015); further citation omitted)). Rather, "'[f]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'" Bastien, 111 F. Supp. 3d at 321 (quoting United States v. Fenza, No. 03-CR-0921, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)); see also Andrew, 2025 WL 1004752, at *3 (denying early release from supervised release; while commending defendant for "complying with the conditions of his current supervision and for his overall progress since being released from custody", stating "such compliance is expected of one under supervision" (collecting cases)). Indeed, as the Second Circuit explained in Lussier, "early termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior." Osorio, 2016 WL 4098589, at *1; Melvey, 2018 WL 6624193, at * 2 (same); see also McKay (stating "[c]hanged circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals").

"It is [the defendant's] burden to show that such early termination is appropriate." Scarpa, 2024 WL 1886681, at *1.

II. Application

Defendant advances several reasons he contends supports granting him early release from supervised release, i.e., he has:

- A. Completed one year of supervision "without incident";
- B. Fully complied with condition of supervision;
- C. Satisfied his restitution obligations at sentencing;
- D. Maintained steady employment;
- E. "[S]tay[ed] free of any legal issues";
- F. "[P]articiapted in [unidentified] community service";
- G. "[D]evoted more personal time to [his] religious beliefs and learning"; and
- H. Taken full responsibility for his actions.

(Motion at 1.) He summarily argues early termination will "greatly assist" him in making it easier for him to travel, "allowing [him] to advance further employment opportunities that support" his family and to visit his elderly parents. (Id.)

Defendant's reasons and arguments are strikingly similar to those presented by defendant McKay, which the court rejected. See McKay, 352 F. Supp.2d at 360. In McKay, Honorable Arthur D. Spatt of this District found, "[a]fter considering all the statutory factors":

> McKay has failed to present facts and circumstances that demonstrate the "exceptionally good behavior" referred to in the precedents. McKay has resumed his pre-incarceration life; apparently, has resumed his organizational endeavors; and has

Page 6 of 9

> been restored to his family life. All of these activities are commendable but are expected of a person on supervised release and do not constitute the "exceptional behavior" contemplated in the precedents.

352 F. Supp.2d at 361. Judge Spatt recognized that, without more, post-incarceration conduct which is unblemished is an "insufficient reason to terminate . . . supervised release since, if it were, the exception would swallow the rule." Id. (quoting United States v. Medina, 17 F. Supp.2d 245 (S.D.N.Y. 1998)); see also Melvey, 2018 WL 6624193, at *2 (same); Osorio, 2016 WL 4098589, at *2 (same).

The same holds true here. To begin, consideration of the relevant Section 3553(a) Factors does not warrant granting early release. In particular, the Court highlights consideration of general deterrence: "'The need for general deterrence is particularly acute in the context of white-collar crime,' [such as money laundering,] as persons who commit such crimes 'are capable of calculating the costs and benefits of their illegal activities relative to the severity of punishments that may be imposed.'" Andrew, 2025 WL 1004752, at *2 (quoting United States v. Johnson, No. 16-CR-0457, 2018 WL 1997975, at *5 (E.D.N.Y. Apr. 27, 2018)). And, similar to the Andrew case, here, in considering the "'kinds of sentence and the sentencing range established for' the offense, . . . Defendant's sentence reflected a significant downward variance from his advisory Guidelines range of [15 to 21] months'

imprisonment . . . ."[2] 2025 WL 1004752, at *3 (emphasis added). Moreover, as in Andrew, while "Defendant also has satisfied his restitution obligation and therefore supervised release would not serve 'the need to provide restitution to any victims of the offense,' . . . th[is] Court was aware that Defendant had satisfied that obligation at sentencing when it imposed a t[wo]-year term of supervised release, after carefully considering the Section 3553(a) [F]actors," which was less than the 36 months of supervised release for which Defendant advocated in his Sentencing Memo. Id. (citing 18 U.S.C. § 3553(a)(7)); (see also Sent'g Memo at 2). Finally, "the remaining applicable Section 3553(a) [F]actors are, on balance neutral to the analysis." Id.

> This Court recognizes:
>
> [o]ccasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [S]ection 3553(a).

Lussier, 104 F.3d at 36. This is not one of those occasions. First, the payment of restitution is a non-issue in this case. Second, Defendant has failed to present exceptionally good behavior. As in the McKay case, what Defendant has put forth is

---

[2] The Court notes it appears Defendant serve only 45 days of his 60-day sentence of incarceration. (See, e.g., supra at 2-3.)

no more than what is expected of one under supervision, i.e., full compliance. See Andrew, 2025 WL 1004752, at *3 (collecting cases). Relatedly, Defendant has not proffered "any reason to conclude that the conditions of [his] supervised release have imposed unusual burdens on him or otherwise interfered with his ability to adjust to society." Id. Nor, upon the record presented, would Defendant's early release from supervised release be warranted by the interest of justice. See 18 U.S.C. § 3583(e)(1).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion (ECF No. 48) is **DENIED** in its entirety without prejudice. The Clerk of Court is directed to serve Defendant with a copy of this Order at his address of record.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  June 9, 2025
        Central Islip, New York